**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | | |
|---|---|---|
| TWALA H. | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-18-4015 |
| | ) | |
| ANDREW SAUL,[1] | ) | |
| | ) | |
|     Commissioner, | ) | |
|     Social Security Administration | ) | |
| | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION

Twala H. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Administrative Law Judge ("ALJ") denied Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Administration ("SSA"). The ALJ also denied Plaintiff's claim for a period of Supplemental Security Income ("SSI") under Title XVI of the SSA. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 13, Plaintiff's Alternative Motion for Remand ("Plaintiff's Alternative Motion"), ECF No. 13, and Defendant's Motion for Summary Judgment ("Commissioner's Motion"), ECF No. 16. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D.

---

[1] When this proceeding began, Nancy Berryhill was the Acting Commissioner of the Social Security Administration. On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Md.).  For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.  A separate order will issue.

I. **Procedural Background**

On February 19, 2016, Plaintiff filed for DIB under Title II of the SSA alleging disability beginning December 3, 2015.  R. 10.  On February 23, 2016, Plaintiff also filed for SSI under Title XVI of the SSA alleging disability beginning December 3, 2015.  R. 10.  Plaintiff alleged disability due to multiple impairments, including: Chronic Obstructive Pulmonary Disease ("COPD"), diabetes, depression, anxiety, panic attacks, high blood pressure, high cholesterol, and reduced vision in his left eye.  R. 58–59.  Plaintiff's claims were initially denied on July 12, 2016 and upon reconsideration on September 27, 2016.  R. 10.  An administrative hearing was held on August 30, 2017.  R. 10.  On December 5, 2017, Plaintiff's claims for DIB and SSI were denied.  R. 20.  Plaintiff sought review by the Appeals Council, ("AC") which concluded on October 30, 2018, that there was no basis for granting the request for review.  R. 1.  Plaintiff subsequently filed an appeal with this Court.  ECF No. 1.

II. **Standard of Review**

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2019).  The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law.  *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907

F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Titles II and XVI if he is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

### III. Analysis

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 12–20. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 3, 2015, the alleged onset date of Plaintiff's disability. R. 12. At step two, under 20 C.F.R. §§ 404.1520(c), 416.920(c) the ALJ determined that Plaintiff had the following severe impairments: Schizophrenia and COPD. R. 12. The ALJ found that Plaintiff's "hypertension, hyperlipidemia, alcohol use disorder, obesity, and visual acuity loss is not severe." R. 12. At step three, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." R. 19. Before turning to step four, the ALJ determined that Plaintiff had the RFC to:

> [L]ift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently. She can stand and walk six hours in an 8 hour workday and sit without restriction. She can occasionally climb ramps and stairs, but never use ladders, ropes, or scaffolds. She can frequently stoop, kneel, crouch, and crawl. She cannot have exposure to pulmonary irritants or temperature extremes beyond a level found in a climate controlled indoor work environment. She is limited to simple, routine tasks and no more than occasional changes in the work settings. She can make simple work related decisions.

R. 14. At step four, the ALJ determined Plaintiff can perform her past relevant work as a housekeeping cleaner because "[the] work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity." R. 18. At step five, with the benefit of a Vocational Expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: office helper, gate attendant, and ticket seller. R. 19–20. The ALJ found that "Plaintiff has not been under a

disability, as defined in the Social Security Act, from December 3, 2015, through the date of this decision." R. 20.

On appeal, Plaintiff argues that the Court should reverse the final decision of the ALJ or in the alternative, remand the case to the Commissioner for further proceedings, alleging that[2]:

1. The Appeals Council erred by failing to grant review of the ALJ's decision when Plaintiff submitted new and material evidence "of an episode of confusion and wandering" after the ALJ's hearing. Pl.'s Mem. in Supp. of Mot. 5, n.1, ECF No. 13–1;

2. The ALJ failed to make specific findings as to the nature and extent of the functional deficits caused by Plaintiff's impairments, *Id.* at 4;

3. The ALJ used vague category listings in her decision; *Id.*

4. The ALJ failed to properly account for Plaintiff's limitations in concentrating, persisting, and maintaining pace, *Id.* at 6;

5. The ALJ failed to properly assess Plaintiff's RFC, *Id.* at 8;

6. The ALJ failed to resolve conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"), *Id.* at 10; and

7. The ALJ substituted her opinion for that of a medical expert, *Id*. at 14.

The Court agrees with Plaintiff's first argument, and remands the case for consideration of the new evidence.

**1. The AC erred because it failed to grant review of the ALJ's decision despite Plaintiff's submission of new and material evidence.**

Plaintiff avers that the AC erred because it "did not address the new and material evidence of an episode of confusion and wandering only a few days before the ALJ issued her decision." *Id*. at 5, n.1. Defendant contends that the evidence provided by Plaintiff was not new and material to meet the requirements of 20 C.F.R. §§ 404.970(b) and 416.1470(b). Def.'s Mem.

---

[2] The following issues for appeal have been re-worded for clarity and conciseness. Plaintiff's recitation of the arguments was verbose and ambiguous.

of Law. in Supp. of Def.'s Mot. 7, ECF No. 16–1. Defendant also avers that "[e]ven if [the evidence was new and material], the evidence submitted would not have changed the ALJ's ultimate decision in this case that Plaintiff is not disabled under the Act." *Id.*

Under 20 C.F.R. §§ 404.970(a) and 416.1470(a), the AC will review an ALJ's decision if, it "receives additional evidence that is new, material, and relates to the period on or before the date of the [ALJ's] hearing decision, and there is reasonable probability[3] that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a), 416.1470(a) (2017). However, even if Plaintiff can show that the evidence is new and material, Plaintiff must also show good cause as to why the additional evidence had not been submitted pursuant to 20 C.F.R. §§ 404.970(b), 416.1470(b). *Id.* Evidence is considered new when "it is not duplicative or cumulative," and is considered material where there is (1) a "reasonable [probability] that the new evidence would have changed the outcome;" and (2) "relates to the claimant's condition for the time period for which benefits were denied, and not to after-acquired conditions or post-decision deterioration of a pre-existing condition." *Tegeler v. Comm'r, Soc. Sec. Admin*, No. SAG-15-3489, 2016 WL 4919874, at *2 (D. Md. Sept. 14, 2016); *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011). "The regulatory scheme does not require the AC to do anything more than 'consider new and material evidence . . . in deciding whether to grant review.'" *Id*. (citing *Meyer*, 662 F.3d at 706). When the AC denies review, the decision of the ALJ becomes the final decision of the Commissioner. *Meyer*, 662 F.3d at 704.

---

[3] "Well-established Fourth Circuit law defined 'material' as a reasonable *possibility* the new evidence would have changed the outcome of the case. *See Meyer*, 662 F.3d at 705; *Wilkins v. Secretary*, *Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). However, the most recent versions of 20 C.F.R. §§ 404.970 increase a plaintiff's burden from showing a reasonable *possibility to* reasonable *probability*." *Laxton v. Berryhill*, 1:18CV446, 2019 WL 2516841, at *6, n.3 (M.D.N.C. May 29, 2019).

In this case, the ALJ rendered a decision regarding Plaintiff's claims on December 5, 2017. R. 20. On January 5, 2018, Plaintiff filed a letter outlining her arguments in support of the appeal to the AC. R. 347. Attached as an exhibit to Plaintiff's letter, was a letter from Plaintiff's treating psychiatrist, Dr. Viloria-Grageda, discussing an incident that occurred late November 2017 ("Plaintiff's Incident"). R. 351. Specifically, the letter states:

> Ms. Twala Hunter is a patient at Sinai Ambulatory Psychiatry with the diagnosis of Schizophrenia, paranoid. She has been in treatment at this Clinic since February 12, 2007. Patient receives medications and individual psychotherapy. She has symptoms of delusions and hallucinations. She has been hospitalized for these symptoms in the past. She still has auditory hallucinations on and off. *However, she had an incident last month where she just wandered out of a store and [her] son found her 5 blocks away and confused. Today, I increased her medication, Zyprexa from 10mg to 15mg.* She has a follow up appointment in 1 month or sooner as needed.

R. 351 (emphasis added). Despite receiving the letter from Plaintiff's treating psychiatrist, the AC "found that the reasons [submitted by Plaintiff] do not provide a basis for changing the [ALJ's] decision," and denied Plaintiff's request for review. R. 1.

### A. New Evidence

Defendant provided a conclusory statement stating, "[the] evidence, however, does not meet the threshold requirements that evidence submitted after the ALJ's decision be new and material." Def.'s Mem. of Law in Supp. of Def.'s Mot. 7. The Court disagrees and finds that the evidence presented by Plaintiff's treating psychiatrist is considered new evidence because it indicates that Plaintiff's mental impairment was worse than what the old evidence showed. *See Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (holding that medical evidence showing a claimant underwent a third lumbar laminectomy is considered new evidence because it "would tend to show that the first two laminectomies had not corrected the problem sufficiently . . . .");

8

*Cox v. Heckler*, 770 F.2d 411, 413 (4th Cir. 1985) (holding that new medical evidence showing that a claimant has become oxygen-dependent demonstrating a progression of claimant's deteriorating lung condition requires remand); *Bauzo v. Bowen*, 803 F.2d 917, 926 (7th Cir. 1986) (stating that evidence of an operation performed after an ALJ's decision was considered new evidence because it was not available at the time of the decision).

In this case, the ALJ found that Plaintiff had a severe impairment of schizophrenia, R. 12, however, found that her medication helps her control her symptoms. R. 17. Specifically, the ALJ stated that while Plaintiff was medicated, she displayed normal functioning. R. 17. However, the letter from Plaintiff's treating psychiatrist indicates that Plaintiff's mental impairment was worse than what the initial evidence showed. Hence, the Court finds the psychiatrist's letter is new evidence under 20 C.F.R. §§ 404.970(a) and 416.147(a).

## B. Material Evidence

Defendant avers that the letter from Plaintiff's treating psychiatrist is not material because:

> [It] refers to only one episode in which Plaintiff wandered from a store and states that it occurred last month. There is no way to determine whether the incident occurred before or after the ALJ issued her December 5 decision. In addition, the letter indicates that Plaintiff receives medications and psychotherapy but still has auditory hallucinations on and off, which is consistent with the other evidence of record that the ALJ reviewed and cited in her decision. This one letter is not material, as there is nothing indicating that Plaintiff's work-related functioning was more limited than found by the ALJ.

Def.'s Mem. of Law in Supp. of Def.'s Mot. 8 (internal quotations omitted). The Court disagrees. First, the letter from Plaintiff's treating physician regarding Plaintiff's mental impairments, clearly relate to the period to which benefits were denied. Plaintiff's hallucinations and schizophrenia were discussed at length by the ALJ in her decision. R. 12–18. The ALJ

determined that the mental impairments were controlled by medication. R. 17–18. However, the letter from Plaintiff's treating psychiatrist directly contradicted the ALJ's findings because as evidenced by Plaintiff's Incident, Plaintiff's mental impairments were not controlled by medication, and required an increased dosage. The Court finds that the evidence is material because it shows Plaintiff's condition at the time of the hearing was worse than it had previously been diagnosed. *See Lisa v. Sec'y of Dep't of Health & Human Servs. of U.S.*, 940 F.2d 40, 44 (2d Cir. 1991) ("[W]hen . . . a diagnosis emerges after the close of administrative proceedings that 'sheds considerable new light on the seriousness of a claimant's condition,' evidence of that diagnosis is material and justifies remand."); *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (holding that new evidence was material because the evidence strongly suggests that during the relevant period, the claimant's condition was far more serious than previously thought); *Gossett v. Colvin*, 527 F. App'x 533, 537 (7th Cir. 2013) (holding that a physician's new perspective on evidence which was available to the ALJ during the time period for which benefits were denied was material).

The AC found that the new evidence did not show a reasonable probability that it would change the outcome of the ALJ's decision. R. 2. The Court disagrees. Here, the ALJ reviewed the record evidence pertaining to Plaintiff's mental impairment and noted several times that Plaintiff's mental impairments were under control due to Plaintiff's medications. However, the new evidence directly contradicts this conclusion because Plaintiff's Incident clearly shows that Plaintiff's mental impairments were not under control, and actually required Plaintiff to increase her dosage. *See Forney v. Berryhill*, No. 2:18-cv-00423-BHH-MGB, 2019 WL 1574284, at *7 (D.S.C. Mar. 25, 2019) (holding that there was reasonable probability that a physician's questionnaire opining that Plaintiff's impairment and limitations have been present for 10 years

10

would have changed the outcome of the case because it directly contradicted the ALJ's RFC assessment). Further, the evidence of Plaintiff's Incident was never considered by the ALJ. *Contra Howell v. Saul*, No. 2:18-cv-01323-BHH-MGB, 2019 WL 3416613, at *10 (D.S.C. July 10, 2019) (holding that evidence of electrodiagnostic results which were already considered by the ALJ did not demonstrate a reasonable probability that it would have changed the ALJ's decision). It is quite probable that if the ALJ had access to evidence demonstrating Plaintiff wandering out of a store requiring her son to retrieve her, she may have had a different opinion as to whether medication controls her mental impairments.

Further, although the United States Court of Appeals for the Fourth Circuit has yet to interpret the meaning of "reasonable probability" set forth in the amended 20 C.F.R. §§ 404.970 and 416.1470, the Court of Appeals has interpreted a "reasonable probability" standard relating to an ineffective assistance to counsel claim under the *Strickland*[4] standard and under the U.S. Constitution's 14th Amendment *Brady*[5] standard. Under the *Strickland* standard, in order to establish prejudice, a defendant "must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *A reasonable probability is a probability sufficient to undermine the confidence of the outcome*." *Jones v. Clarke*, 783 F.3d 987, 992 (4th Cir. 2015) (citing *Strickland*, 466 U.S. at 694) (emphasis added). Further, under *Brady*, evidence is material if "it creates a reasonable probability of a different result . . . *thus undermining confidence in the outcome of the trial* . . . . It is not enough for the withheld evidence to create the possibility of a different verdict; a different result must be

---

[4] *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant claiming ineffective assistance of counsel must establish that his attorney's performance was deficient and that performance prejudiced the defendant. *Id.* at 694.

[5] *Brady v. Maryland*, 373 U.S. 83 (1963). Under *Brady,* the State is required to disclose to a defendant material evidence favorable to a defendant. *Id*. at 87.

11

reasonably probable." *Long v. Hooks*, 947 F.3d 159, 168 (4th Cir. 2020) (internal citations omitted) (emphasis added). Here, the new evidence shows that despite Plaintiff being medicated for her mental impairments, Plaintiff still had an alarming episode of wandering. This evidence directly contradicts the ALJ's findings, which "undermines the confidence" in the outcome of the ALJ's review.

### C. Good Cause

The Court also finds that Plaintiff satisfied the good cause requirement because Plaintiff's Incident constitutes an "unusual, unexpected, or unavoidable circumstance beyond [Plaintiff's] control." 20 C.F.R. §§ 404.970(b)(3), 416.1470(b)(3). The evidence of Plaintiff's Incident did not previously exist for the ALJ to review. *See Borders*, 777 F.2d at 955 (holding that there was good cause for not submitting evidence of a third laminectomy because the evidence did not exist prior); *Cannady v. Berryhill*, No. 1:18-cv-00887-BHH-SVH, 2019 WL 1473318, at *19 (D.S.C. Mar. 13, 2019) (holding that a claimant's new evidence submitted after the ALJ decision met the good cause standard because it was evidence of ongoing treatment); *Lisa*, 940 F.2d at 44 ("Good cause for failing to present evidence in a prior proceeding exists where, as here, the evidence surfaces after the Secretary's final decision and the claimant could not have obtained the evidence during the pendency of that proceeding"); *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988) ("[T]here is good cause for failing to present the evidence because it did not exist at the time of the administrative hearing or the district court proceedings"); *Ripley v. Chater*, 67 F.3d 552, 556 (5th Cir. 1995) (holding that good cause was shown because a claimant physician's diagnosis was not available during the initial hearings); *Stidham v. Apfel*, No. Civ. A. 98CV1118, 1999 WL 135156, at *3 (E.D. Pa. Mar. 11, 1999) (holding that a claimant demonstrated good cause for failing to incorporate evidence into the administrative record

because Plaintiff did not yet have evidence of a stroke until after the hearing). There is no way Plaintiff could have provided evidence of Plaintiff's Incident demonstrating her mental impairment, because it was not available at the time of the hearing. Hence, the Court finds there is good cause for Plaintiff's failure to provide evidence of Plaintiff's Incident before the ALJ rendered her decision.

   2. **The Commissioner's decision to deny Plaintiff's claim for disability was not supported by substantial evidence.**

Once the AC denies review, the decision of the ALJ becomes "the final decision of the [Commissioner]." *Meyer*, 662 F.3d at 704 (citing *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)). A reviewing court shall uphold the findings of facts made by the Commissioner's final decision if they are supported by substantial evidence and were "reached through application of the correct legal standard." *Meyer*, 662 F.3d at 704. "[Since] it was an error of law not to consider and exhibit [new evidence which was material] . . . it [is] proper to treat [the new evidence] as if it had been made a part of the record and consider it on review." *See Forney v. Berryhill*, No. 2:18-cv-00423-BHH-MGB, 2019 WL 1574284, at *8 (D.S.C. Mar. 25, 2019).

In this case, the ALJ tracks the longitudinal course of treatment for Plaintiff's mental impairments in her opinion. R. 13–19. The ALJ begins by making a finding that Plaintiff has a severe impairment of schizophrenia. R. 12. The ALJ concluded that Plaintiff only had a moderate limitation in understanding, remembering or applying information because "[Plaintiff's] symptoms were under control with medication." R. 13. This is despite the ALJ finding in the same paragraph that Plaintiff "did have some issues with psychotic behavior, [therefore] would have difficulty with detailed work." R. 13. The ALJ, relying on the state consultant, also found that Plaintiff only had a mild limitation with regard to concentrating,

13

persisting, or maintaining pace. R. 13. In assigning Plaintiff's RFC, the ALJ acknowledged that Plaintiff reported a significant history with mental symptoms, but again found that her symptoms were controlled by her medications. R. 16. The ALJ then states "the records provided after their review support [Plaintiff] having intermittent issues with auditory hallucinations that eventually resolved with medication management." R. 16–17. Reviewing mental health records from 2015 through 2016, the ALJ stated that "a review of the record supports [Plaintiff] having a history of significant mental health abnormalities, but that her medication helps control her symptoms." R. 17. Citing Plaintiff's consultative examination with Alan Langlieb, M.D., the ALJ identified Plaintiff's statement "that when off medication, she hears voices telling her to hurt herself, but that her medications control her symptoms . . . [i]n fact, [she did not have] any major symptoms in over a year." R. 17. Reviewing records from July 2016 through November 2016, the ALJ noted that "[Plaintiff] reported on and off auditory hallucinations . . . [h]owever, her mental status examinations were normal, suggesting her symptoms were not significantly affecting her functioning." R. 17.

The Court finds the ALJ thoroughly synthesized Plaintiff's medical records and identified multiple sources supporting the ALJ's conclusion that Plaintiff functions well while medicated. However, the Court cannot ignore the alarming evidence submitted to the AC after the ALJ's decision that Plaintiff "had an incident last month where she just wandered out of a store and [her] son found her 5 blocks away and confused." R. 351. The incident was severe enough to require Plaintiff's treating physician to increase Plaintiff's antipsychotic medication. *See* 20 C.F.R. § 404.1527(d)(2) (providing that a treating physician's opinion is entitled to deference). Plaintiff's Incident probably contradicts and undermines the ALJ's finding that Plaintiff's mental impairments were controlled by her medication. Since the ALJ did not have the luxury of the

14

new evidence, the evidence of Plaintiff's wandering was not taken into consideration. Without a fact-finding analysis of the new evidence from the Commissioner, the Court cannot meaningfully review how the new evidence reconciles with the evidence identified by the ALJ. Hence, the Court cannot conclude that the Commissioner's decision is supported by substantial evidence and must remand the case back to the Commissioner to analyze the new evidence.

As stated above, Plaintiff also raises several other issues. Pl.'s Mem. in Supp. of Mot. 4–10. However, in view of the Court's decision to remand the matter due to the Commissioner's failure to consider the new evidence, the Court declines to address Plaintiff's other issues. *See Brown v. Colvin*, 639 F. App'x 921, 923 (4th Cir. 2016) (declining to address all of a claimant's issues raised once the court decided to remand on one issue); *Edna Faye H. v. Saul*, No. TMD-18-581, 2019 WL 4643797, at *6 (D. Md. Sept. 24, 2019). On remand, the ALJ should address the other issues raised by Plaintiff. *Timothy H. v. Saul*, No. TMD 18-1675, 2019 WL 4277155, at *7 (D. Md. Sept. 10, 2019). In remanding this case, the Court expresses no opinion as to whether the ALJ's ultimate decision that Plaintiff was not disabled is correct or incorrect. *See Parker v. Comm'r, Soc. Sec.*, No. ELH-16-2607, 2017 WL 679211, at *4 (D. Md. Feb. 21, 2017).

## IV. Conclusion

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion, and **REMANDS** this matter for further proceedings.


March 23, 2020 /s/
Charles B. Day
United States Magistrate Judge

CBD/hjd